FRANCISCO BERMÚDEZ, Appellant, v. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1235. Submitted January 10, 1949.—Decided January 26, 1949.

*Faustino R. Aponte* for appellant. The Registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On March 23, 1948 Pelegrín Cordero Weber executed a deed of segregation and sale of a tract of land in favor of Francisco Bermúdez. It recited that Cordero and his wife acquired a described tract of land in 1945; that in May, 1947 they sold a portion of this property for $1,350 to Bermúdez who paid them $50 of the purchase price, and agreed to pay the balance when the Planning Board approved the segregation; that the Board gave its approval on July 21, 1947, but the deed could not be executed because of the illness of Cordero's wife, who died on September 5, 1947; that by order of January 26, 1948 of the district court her three

minor children were declared to be the sole and universal heirs of the deceased wife; that on March 4, 1948 Cordero obtained judicial authorization to execute the present deed of the segregated portion of the tract on behalf of himself and the said minors.

Bermúdez presented the deed to the Registrar for recordation, and furnished him with certified copies of the order of the Planning Board and the order of court declaring the three minors the sole and universal heirs of their mother. The Registrar recorded the deed as to the half of the property which belonged to Cordero as community property, but refused to record it as to the shares belonging to the minors, "because their rights which it was proposed to convey were not recorded in their names". Bermúdez has appealed from this ruling of the Registrar.

The Registrar does not dispute the fact that the heirs of Cordero's wife were obliged to join in the deed to Bermúdez pursuant to the contract of sale of the land to the latter entered into prior to the death of Cordero's wife. Sections 1230, 1339, Civil Code, 1930 ed.; *Boneta* v. *Boneta et al.*, 27 P.R.R. 633. In view of these circumstances, it was unnecessary under Article 20 of the Mortgage Law for the property to be first recorded in favor of the heirs in order for them to execute a deed to the purchaser. The heirs, in executing the deed, were acting in a representative capacity in the name and on behalf of the deceased to carry out her unperformed obligation. It was therefore sufficient, for purposes of Article 20, that the property was recorded in the name of the decedent. *Coy* v. *The Registrar of San Juan*, 22 P.R.R. 403; *Ortiz* v. *The Registrar*, 23 P.R.R. 652; *Wilcox* v. *Registrar*, 67 P.R.R. 445, 452.

The ruling of the Registrar will be reversed and he will be directed to record the deed free and clear of defects.